BOB WHITE *v.* STATE.

JUROR MAY BE A WITNESS.

> A juror may be a witness for either party before himself and his fellows, and still retain his seat as a juror.

FROM the circuit court of Perry county.

HON. A. G. MAYERS, Judge.

On the trial of the appellant upon an indictment for unlawfully selling and retailing spirituous liquors without a license, two of the jurors were introduced by the state, and allowed to testify, over appellant's objection, as to the character, for truth and veracity, of one of the witnesses of the state whose character had been assailed.

*Watkins & Travis,* for appellant.

While the jurors were withdrawn from the box to act as witnesses, the accused was, against his consent, deprived of a constitutional jury.

*Frank Johnston,* attorney-general, for the state.

It was not improper to admit the testimony of the two jurors called on to testify. At the common law anciently, the jurors were the witnesses. 1 Bish. on Crim. Pro., § 363.

WHITFIELD, J., delivered the opinion of the court.

"That a juror may be a witness on a trial before himself and his fellows is well settled." *Roy* v. *Horsley*, 25 Am. Rep.,

540, note. "A juror may always be a witness for either party, and still retain his seat as a juror." *Fellows' Case*, 5 Me., 335. To the same effect are *Rex* v. *Rosser*, 7 Car. & P., 648; 32 E. C. L., 803, a criminal case; *Manley* v. *Shaw*, 41 E. C. L., 200; 1 Car. & M., 361, a civil case; Thomp. & M. on Jur., § 216. It is held in *State* v. *Jacob*, 30 S. C., 131, s.c. 14 Am. St. Rep., 897, that a juror, in weighing the credibility of testimony, has a right to take into consideration his own knowledge of the character of the witness delivering such testimony—as to which we say nothing. In this case the jurors testified only to character.

We find no reversible error in the other assignments.

*Affirmed.*