LUCAS *v.* STATE.

Division A.   Apr. 9, 1951.

No. 37922 (51 So. (2d) 583)

Pittman & Pittman, for appellant.

**Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Alexander, J.**

Appellant was convicted under a charge of grand larceny. The property involved was a cow. The errors assigned are: (1) The refusal of a peremptory charge; (2) the refusal of other charges; and (3) the refusal to allow a member of the trial jury to be called as a witness.

We have carefully examined the entire record and conclude that it presented a factual issue for determination by the jury.

The following instruction is typical of others refused to the appellant: "The Court instructs the jury for the defendant that every dealer in cattle is required when selling cattle to give to the buyer a bill of sale, said bill of sale to contain the full description of said cattle with brands and ear marks, if any, and the signature and address of the buyer, and the date of sale and delivery."

This instruction was evidently drawn with reference to Code 1942, Section 2025, and makes pertinent the following summary of the evidence for the State. The cow in question belonged to one Turner, who, finding she had been taken or was missing, traced her to a stockyard engaged in purchasing cattle. Thence she was traced to one Bounds who had purchased her from the stockyard and in whose possession she was found. It was shown that the stockyard had acquired the cow from appellant.

The quoted instruction was not only a mere abstraction but was directed to an alleged omission of the stockyard to issue a proper bill of sale to Bounds, or, inferentially, the failure of Bounds to have such indicium of ownership. Apart from a consideration of the applicability of the statute, which requires such bill of sale only when cattle are being transported over the public highways "by

means of a motor vehicle or other vehicle drawn or propelled by a motor vehicle'', these instructions add nothing to the information of the jury relevant to the issue of the guilt vel non of the appellant. Moreover, Bounds exhibited a bill of sale in substantial compliance with the statute. We find no error in the refusal of these instructions.

▆▆ Another instruction attempting a definition of reasonable doubt was properly refused, especially when considered in the light of other informative instructions granted.

▆▆ The last assignment is directed to the refusal of the trial judge to allow a member of the jury to be called as a witness for the appellant. The request was made in the following manner: ''The defendant now desires to call Mr. J. C. Jefcoats, a member of the jury, for the purpose of proving by him that the cow being led down the highway as testified to by the witness Revett was a cow that had been carried to Mr. Jefcoats' place by Mr. Lucas for the purpose of being served by a bull, and was being returned to Mr. Lucas's place, and the defendant would show that Mr. Jefcoats is the only witness that he can prove that by.'' To which the judge made the following reply: ''The Court declines to let him call a member of the jury, both sides having accepted the jury in this case, and he can't call a juror to testify in a case in which he is sitting as a juror.''

Regardless of the reasons advanced by the trial judge, as to which see White v. State, 73 Miss. 50, 19 So. 97, it was not reversible error to refuse this request. In the first place both the appellant and the witness Revett, who lived between the home of the juror and that of the appellant, testified that appellant was seen leading a cow along the road in front of Revett's home on the day before she was loaded on a truck at the home of appellant. Revett identified the cow as the same one sold to the stockyard, but appellant testified otherwise. The proposed testimony was therefore merely cumulative and

its omission was not prejudicial to appellant's case. However, the expressed object of the proffered testimony was to prove only the purpose for which the cow was being taken to the place owned by the juror. Such reason, as testified to by appellant, was not contradicted, and the testimony of the witness Revett was on this point corroborative. If it was not the same cow described in the indictment, this would not have materially aided the appellant's case, and if it was the same, it would have further incriminated him. In addition, it was not important to appellant's cause whether the cow seen on that day was his own, since the identity of the stolen cow was sought to be established by witnesses who saw her loaded at the home of appellant and sold to the stockyard and by the latter to Bounds.

Affirmed.